

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00291-CR

ROBBIN RAY DAVIS                                                           APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

### FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 1065305D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Robbin Ray Davis pleaded guilty to sexual assault of a child, a second degree felony. *See* Tex. Penal Code Ann. § 22.011(a)(2) (West 2011). The trial court deferred adjudication of Davis's offense and placed him on community supervision for a term of seven years. The State subsequently filed a petition to proceed to adjudication, alleging Davis had violated three of his

---

[1]*See* Tex. R. App. P. 47.4.

community-supervision conditions. Davis pleaded true to two of the alleged violations, including failing to complete his community-service hours. The trial court found all three allegations to be true, adjudicated Davis guilty, and sentenced him to twenty years' confinement. This appeal followed.

Davis's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). In compliance with *Kelly v. State*, counsel notified Davis of his motion to withdraw, provided him a copy of the brief, informed him of his right to file a pro se response, provided him a form motion for pro se access to the appellate record that lacked only Davis's signature and the date, provided instructions to file the pro se form within ten days and gave him this court's address, and informed him of his pro se right to seek discretionary review should this court hold the appeal to be frivolous. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). This court afforded Davis the opportunity to file a brief on his own behalf, but he did not do so.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only

2

then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 26, 2015

3